UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUANA GUERRERO,

    Plaintiff,

v.                                             Case No. 8:20-cv-263-KKM-LSG

BP EXPLORATION &
PRODUCTION INC. and BP
AMERICA PRODUCTION
COMPANY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The defendants BP Exploration & Production, Inc., and BP America Production Company (collectively, "BP") received summary judgment in their favor on March 21, 2024. Doc. 223. BP seeks an award of taxable costs incurred in defending this case. Docs. 224, 225. The plaintiff Juana Guerrero, acting as the personal representative of the estate of Ezequiel Caraballo-Pache, opposes the request. Doc. 226. As explained below, I recommend granting in part and denying in part BP's proposed bill of costs.

**I.  BACKGROUND**

Guerrero sued BP under the Back-End Litigation Option ("BELO") provision of the Deepwater Horizon Medical Benefits Class Action Settlement Agreement. Doc. 58. Guerrero's late husband, Ezequiel Caraballo-Pache, assisted with

remediation of the oil spill from approximately July, 2010 to October, 2010. Doc. 58, p. 2, 7. Guerrero sought damages after her husband died from pancreatic cancer, which she alleged stemmed from exposure to toxic substances released into the Gulf of Mexico following the 2010 oil spill. Doc. 58, p. 9–10. The Court granted summary judgment in favor of BP on March 20, 2024. Docs. 222, 223.

BP asserts entitlement to costs as the prevailing party and requests $37,395.20 in taxable costs. Docs. 224; 225, p. 3. Specifically, BP requests that the Clerk tax as costs $1,420.00 for "service of summons and subpoena," $30,284.10 for "printed or electronically recorded transcripts necessarily obtained for use in the case," $200.00 for "witnesses," and $5,491.10 for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Doc. 224, p. 1. With the proposed bill of costs, BP includes a chart listing the proposed costs and a composite exhibit containing invoices. Docs. 224-1, 224-2. BP also files a memorandum in support of the proposed bill of costs.

BP explains that the "depositions were necessary and instrumental in fleshing out BP's defense in this case, as well as the shortcomings in Plaintiffs' expert witnesses." Doc. 225, p. 5. BP highlights the court reporter invoices "to indicate the limited amounts sought to be taxed." Doc. 225, p. 6. BP claims witness fees and notes that, although BP spent $9,376.21 deposing the experts in this case, recovery of taxable costs is limited to $40.00 per witness. Doc. 225, p. 6. Thus, BP seeks $200.00 in witness fees based on five depositions. Doc. 225, p. 6. BP paid "medical providers and employers for copies of records" in response to subpoenas. Doc. 225, p. 7. BP

2

seeks to recover the cost of copying those materials and requests $1.00 per page because Rule 54 specifies no "standard rate for copying costs." Doc. 225, p. 7. In addition, BP explains that one medical provider charged $390.60 for digital, radiological records that "could not be produced in any other useable format" by BP's medical experts. Doc. 225, p.7.

In her response, Guerrero argues that many of BP's proposed costs are unnecessary "convenience fees." Doc. 226, p. 2. Guerrero asserts that BP "entirely failed" to describe how the proposed charges were "necessary to prepare for litigation[.]" Doc. 226, p. 6. Further, Guerrero contends that "BP is attempting to charge [her] excessive fees" despite "knowing better" based on previous litigation in the Eastern District of Louisiana. Doc. 226, p. 6–7. Ultimately, Guerrero claims that BP's proposed bill of costs violates Rule 11 because the proposal is "a waste of the Parties and this Court's time[.]" Doc. 226, p. 17. Thus, Guerrero asks the Court to deny BP's proposed bill of costs in full for failing to "sufficiently describe which costs are recoverable," co-mingling potentially taxable costs with non-taxable costs, and intentionally pursuing costs known to be "outside the realm" of Section 1920. Doc. 226, p. 18.

## II.  LEGAL STANDARD

Rule 54(d), Federal Rules of Civil Procedure, provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). A strong presumption favors awarding costs to the prevailing party. *Yellow Pages Photos, Inc. v.*

*Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017). Taxable costs are limited to those specified in by 28 U.S.C. § 1920. *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920."). Section 1920 authorizes the Court to tax the costs of

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party requesting costs must present sufficient evidence of the costs incurred and the party's entitlement to an award. *L. Squared Indus., Inc. v. Nautilus Ins. Co.*, No. 3:21-cv-1104-BJD-PDB, 2023 WL 11805111, *1 (M.D. Fla. Dec. 19, 2023) (citing *Loranger v, Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *2 (M.D. Fla. Jul. 14, 2015) (citations omitted).

    A party opposing costs bears the "burden to show that circumstances are such that an award of costs is not warranted in a particular case." *JES Properties, Inc. v.*

*USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1296 (M.D. Fla. 2006). "[T]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

### III. ANALYSIS

BP is entitled to an award of taxable costs as the prevailing party in this action. FED. R. CIV. P. 54(d); *see Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)[.]") Thus, BP bears the burden of demonstrating entitlement to the proposed costs. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994); *see also L. Squared Indus., Inc.*, 2023 WL 11805111 at *1. BP contends that Section 1920 permits the full award of proposed costs because the costs were necessary to the defense of this case. However, I agree with the plaintiff that some of the proposed costs are unsupported.[1]

#### 1. Costs of service for subpoenas

A prevailing party may recover costs for service of process. 28 U.S.C. § 1920(1). Although a party may recover the cost of hiring a private process server, a party may obtain only an amount equal the rate charged by the United States Marshal. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Therefore, BP

---

[1] Guerrero argues that BP violates Rule 11 by requesting costs that BP allegedly knows lack support. Doc. 226, p. 17–18. Although some of the proposed costs are unsupported by the record, I find no violation of Rule 11 in BP's motion for costs.

5

can recover a maximum of "$65 per person per hour for each item served." 28 C.F.R. § 0.114(a)(3); *Cadle*, 2015 WL 4352048, at *2. "It is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts." *Cadle*, 2015 WL 4352048, at *3.

BP seeks $1,420.00 in fees for subpoenas issued in this action. Doc. 224, p. 1. BP used private process servers. Doc. 224. In support of the proposed service costs, BP provides an itemized chart listing the service fees and invoices for each subpoena. Doc. 224, p. 1. BP offers no explanation for the "rush" fees for service or why BP served some third-parties multiple times. However, BP seeks none of the "rush" fees and proposes an adjusted rate of $65 or less for each subpoena. Doc. 224, p. 4–6; *see W&O, Inc.*, 213 F.3d at 624. Thus, these costs are taxable.

BP served multiple subpoenas served on some entities, including two subpoenas to Busch Pharmacy, Doc. 224-2, pp. 13, 27, and two subpoenas to Chapters Health Palliative Care, Doc. 224-2, pp. 19, 22, on different dates and at different rates. Doc. 226, p. 8. BP's only evidence is the invoice from the process server. Doc. 224-2. BP provides no explanation for the repetitive subpoenas but says only that the information obtained from the subpoenas was "relevant and necessary for the defense of this case." Doc. 225, p. 4.

Thus, BP's failure to explain why additional subpoenas were necessary for Busch Pharmacy and Chapters Health Palliative Care precludes recovery of those costs. *See Cadle*, 2015 WL 4352048, at *3; *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012)

6

(holding that multiple charges for service of the same party were not compensable). Accordingly, I find that BP is entitled to only $1,300.00 in costs for service of subpoenas.

### 2. Deposition Costs

BP seeks $30,284.10 in deposition transcript and video costs. Doc. 224, p. 1. In support of its request, BP says that each deposition "was reasonably necessary to this case at the time the deposition was taken" and provides the costs and invoice for each deposition. Docs. 224-1, pp. 6–7; 224-2, pp. 30–67; 225, p. 6. The amount is adjusted and less than BP's total expenditure. Doc. 225, p. 6. BP argues that charges for rough drafts and expedited transcription were "necessary due to the limited time period between the taking of the depositions and BP's deadline to file pre-trial Daubert motions." Doc. 255, p. 6. Guerrero argues that BP fails to distinguish between the cost of original transcription and additional copies. Doc. 226, p. 10–11. Further, Guerrero argues that BP is not entitled to costs for rough drafts or expedited transcription. Doc. 226, p. 11. Guerrero also contends that video recordings of each deposition were unnecessary. Doc. 226, p. 12–14.

The cost of a deposition transcripts is taxable. *See* 28 U.S.C. § 1920(2); *see also Andrews v. Marshall*, No. 2:16-cv-814-SPC-MRM, 2021 WL 3888208, at *4 (M.D. Fla. Aug. 16, 2021), *report and recommendation adopted*, 2021 WL 3883705 (M.D. Fla. Aug. 31, 2021) ("28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Deposition costs, including transcripts, are, therefore, taxable under § 1920(2).").

The prevailing party must establish that a deposition "was necessarily obtained for use in a case[.]" *Watson v. Lake County*, 492 F. App'x 991, 996 (11th Cir. 2012). The Court has "great latitude in determining whether a deposition was 'necessarily obtained' for use in the case." *Ass'n for Disabled Am., Inc. v. Integra Resort Mgmt.*, Inc., 385 F. Supp. 2d 1272, 1289 (M.D. Fla. Aug. 2, 2005) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)). "Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable." *Watson*, 492 F. App'x at 996 (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).

### A. Stenographic transcripts and rough drafts

"Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees." *McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (M.D. Fla. Sept. 10, 2020) (citing *Thyfault v. 21st Century Oncology, LLC*, No. 3:16-cv-1094, 2019 WL 4016155, at *1–2 (M.D. Fla. Aug. 26, 2019)), *report and recommendation adopted*, 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020). Although the length and complexity of the case may justify some of these enhanced charges, most are unrecoverable if incurred for convenience, preparation, or investigation only. *Chittenden v. Hillsborough Cnty.*, No. 8:19-cv-1504-TPB-AAS, 2021 WL 4155329, at *2 (M.D. Fla. Aug. 12, 2021), *report and recommendation adopted*, 2021 WL 4148262

(M.D. Fla. Sept. 14, 2021); *see also Lopez v. Zoll Serv., Inc.*, No. 21-cv-22433-JEM/Becerra, 2024 WL 264142, *2 (S.D. Fla Jan. 8, 2024) ("Fees for expedited transcripts are not recoverable where such services are for the convenience of counsel.") (citations omitted), *report and recommendation adopted*, 2024 WL 262698 (S.D. Fla. Jan. 24, 2024).

BP expedited six deposition transcripts. Docs. 224-2, pp. 39, 48, 52, 60, 64; 225, p. 6. BP ordered rough drafts of six deposition transcripts, including four that were expedited. Docs. 44, 48, 52, 56, 60, 64. The time between the plaintiff's expert witness disclosure and the deadline for *Daubert* motions—and dispositive motions—was indeed short.[2] However, BP fails to explain why "rough drafts of each transcript were necessary to prepare for each *Daubert* motion[], especially in light of the fact that BP ordered expedited original transcripts[.]" Doc. 226, p. 11. Accordingly, I find that BP has not demonstrated the necessity of rough drafts, in addition to expedition fees. *See Chittenden v*, 2021 WL 4155329 at *2. I recommend reducing the deposition transcript costs by the cost of each rough draft, which is $3,822.00.

### B. Video Recordings

If the notice explains that a deposition will be recorded "and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the

---

[2] Based on the docket and docket exhibits, BP received notice of Guerrero's expert witness disclosures on May 15, 2023. At the time, the deadline for *Daubert* motions had been extended to July 10, 2023, meaning BP had fifty-six days to schedule and take depositions. Doc. 86. On June 20, 2023, the Court extended discovery deadlines by a week. Doc. 123. The Court ultimately extended the deadline for Daubert motions to July 17, 2023. Doc. 137.

cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chem., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). "Nonetheless, the prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, No. 8:19-cv-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021) (citing *Morrison*, 97 F.3d at 465), *report and recommendation adopted*, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022).

BP fails to explain why both stenographic transcripts and video recordings were necessary. BP offers no explanation as to how video recordings served their defense or whether the deposed witnesses could testify at trial. Thus, I find that BP has not demonstrated the necessity of the video recordings. *See Thelen v. Somatics, LLC*, No. 8:20-cv-1724-TPB-JSS, 2023 WL 7411309, at *7 (M.D. Fla. Sep. 18, 2023) (finding a party's explanation for video recording costs insufficient to justify both the stenographic and videographic costs for deposition of a witness who could be available to testify at trial), *report and recommendation adopted*, 2024 WL 69571 (M.D. Fla. Jan. 5, 2024); *see also Albakri v. Sheriff of Orange Cnty.*, No. 6:15-cv-1969-Orl-31GJK, 2017 WL 4159819, at *2 (M.D. Fla. Sept. 13, 2017) ("Defendant provides no explanation why it was necessary to obtain both a video-recording and a transcript of Plaintiff's deposition."), *report and recommendation adopted*, 2017 WL 4124820 (M.D. Fla. Sept. 18, 2017).

Accordingly, I recommend denying BP's request to tax costs for video recordings, which is $6,467.50.[3]

### C. Additional costs

Guerrero objects to BP's proposed costs for video synchronization, video conversion, and court reporter appearances. Doc. 226, p. 14–16. BP provides no specific argument in support of taxing these costs but includes them in the total[4] *See* Doc. 224-2.

Section 1920 contains no specific authorization for other deposition costs, such as court reporter fees. *See Chittenden v*, 2021 WL 4155329 at *3. However, a court reporter's fee is often recoverable because the court reporter is integral to the deposition. *Id.*; *see also Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *1 (M.D. Fla. Aug. 17, 2020); *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018). Therefore, BP may recover court reporter appearance fees.

---

[3] This amount is calculated from the highlighted line-items for video recordings in BP's provided invoices. Guerrero contends that some of the line-item costs for video recording are comingled with transcription. Based on the invoices, I find that the costs of video recordings are individually listed on the relevant invoices.

[4] The invoices include line items for video recording, "text to video synchronization," and DVD/MPEG conversion. These charges are included in the total for each deposition where listed.

However, BP cannot recover costs incurred solely for convenience. *W&O, Inc.*, 213 F.3d at 621; *Chittenden* 2021 WL 4155329 at *2. BP requests[5] $840 for "Text-to-Video Synchronization" and $2,300 for "DVD/ MPEG Conversion." BP provides no argument for the necessity of these costs. In fact, BP provides no information as to what these charges accomplished in the case. These items appear duplicative and unnecessary. Accordingly, these costs are not taxable under Section 1920. *McCullars*, 2020 WL 5822154, at *3 (stating disc copies of deposition transcripts are not recoverable under 28 U.S.C. § 1920). Therefore, I recommend reducing BP's deposition costs by the cost of each "Text-to-Video Synchronization" and "DVD/ MPEG Conversion," which amount is $3,140.00.

## IV.   CONCLUSION

Based on the above analysis, I recommend granting in part and denying in part BP's motion to tax costs under 28 U.S.C. § 1920. I recommend denying an award of costs for (1) the second subpoenas for both Busch Pharmacy and Chapters Health Palliative Care, (2) the rough drafts of deposition transcripts, (3) the video recording of depositions, and (4) the cost of "Text-to-Video Synchronization" and "DVD/ MPEG Conversion." Thus, I recommend reducing BP's recovery of costs by

---

[5] BP does not break down these specific costs in their bill of costs. Rather, BP provides a blanket amount for "depositions costs," and includes invoices with individual line items that it used to calculate the proposed total.

$13,549.50,[6] which would result in an order directing the Clerk to tax costs in the amount of $23,845.70.[7]

**REPORTED** in Tampa, Florida on this 23rd day of December, 2024.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.

---

[6] This amount is calculated from the costs I recommend limiting: $120 for subpoena services, $3,822.00 for stenographic transcripts, $6,467.50 for video recordings, $840 for "text to video synchronization," and $2,300 for "DVD/MPEG conversion."
[7] This amount is calculated from based off BP's proposed total minus the total of which I recommend reducing BP's actual taxable costs.